FILED

2009 DEC 14 PM 2 11

PATRICK E. DUFFY, CLERK
BY_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| JIMMY RIDER, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-36-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Mr. Jimmy Rider ("Mr. Rider"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), that Mr. Rider's disability under Title XVI of the Social Security Act (Supplemental Security Income (SSI)), 42 U.S.C. 1381-

1383c, ceased on November 1, 2004.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 7.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 11 & 15.) The motions are fully briefed and submitted.

## I. PROCEDURAL BACKGROUND

Mr. Rider was awarded SSI benefits as a child. Tr. at 105. Mr. Rider's disability continued in 1982 (tr. 105-107) and in 1987 (tr. 109). On July 12, 2004, the Commissioner determined that Mr. Rider was no longer disabled. Tr. at 130-140, 142-144. Mr. Rider requested reconsideration and a hearing on August 11, 2004. Tr. at 146. There was apparently a hearing held, at which Mr. Rider was not present, after which it was found that Mr. Rider was no longer disabled. Tr. at 175-187. Mr. Rider requested reconsideration and a hearing. Tr. at 189-191. After

several attempts, a hearing was finally held on December 11, 2006. Tr. at 337-422.

The Administrative Law Judge's ("ALJ") decision was issued on September 8, 2007, finding Mr. Rider no longer disabled. Id. at 9-23. The Appeals Council denied review on February 19, 2009, id. at 5-8, making the ALJ's September 8, 2007 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but

"less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

## III. BURDEN OF PROOF

Entitlement to Social Security benefits is subject to periodic review. 20 C.F.R. § 416.994(a). The Social Security Act permits termination of benefits only upon a showing by substantial evidence that:

> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in

substantial gainful activity.

42 U.S.C. § 423(f)(1). Disability ends when it is shown that medical improvement related to the ability to work has occurred, and the claimant is currently able to engage in substantial gainful activity. 20 C.F.R. § 416.994(b).

Medical improvement means any decrease in the medical severity of a claimant's impairments which were present at the time of the most recent favorable decision, ie. the most recent finding of disability. 20 C.F.R. § 416.994(b)(1)(i). If the most recent favorable decision was based on the claimant meeting or equaling a listed impairment, and medical improvement has occurred to the point where the claimant's impairments no longer meet or equal a listed impairment, that medical improvement must have a bearing on the claimant's ability to work. 20 C.F.R. § 416.994(B)(2)(iv)(A). Before finding that disability has ended, the Commissioner must also find the claimant can engage in substantial gainful activity. Id.

To determine if a claimant's disability continues, the ALJ follows a seven step procedure. 20 C.F.R. § 416.994. First, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If so, the claimant's disability continues. 20 C.F.R. § 416.994(b)(5)(I).

Second, the ALJ must determine whether medical improvement occurred. Id. If so, the analysis proceeds to step three. If not, the analysis proceeds to step four. At step three, the ALJ must determine if the medical improvement relates to the ability to perform work. 20 C.F.R. § 416.994(b)(5)(iii). If so, the analysis skips step four and proceeds to step five.

At step four, the ALJ must determine if an exception to medical improvement applies. 20 C.F.R. § 416.994(b)(5)(iv). If an exception from the first group applies, the analysis proceeds to step five. If an exception in the second group applies, the

claimant's disability ends. If no exception applies, the claimant's disability continues. See 20 C.F.R. §§ 416.994(b)(3) and (4).

At step five, the ALJ must determine whether all the claimant's current impairments in combination are severe. 20 C.F.R. § 416.994(b)(5)(v). If they do not significantly limit the claimant's ability to work, the claimant's disability ceases. If they do significantly limit the claimant's ability to work, the analysis proceeds to step six.

At step six, the ALJ must assess the claimant's residual functional capacity ("RFC") based on the current impairments and determine if the claimant can perform past work. 20 C.F.R. § 416.994(b)(5)(vi). If the claimant can perform past work, disability has ended. If not, the analysis proceeds to step seven.

At the seventh and final step, the ALJ must determine if other work exists in the national economy that the claimant can perform given his RFC and considering his age, education, and past work experience. 20 C.F.R. § 416.994(B)(5)(vii). If such

work exists, the claimant is no longer disabled. If such work does not exist, the claimant's disability continues.

## IV. DISCUSSION

The ALJ found Mr. Rider's disability ceased on November 1, 2004 because his impairments no longer met or equaled a listed impairment, medical improvement occurred which was related to the ability to work, and he could perform substantial gainful activity. Tr. at 12-23.

Mr. Rider does not allege error at step one of the evaluation process above. Mr. Rider argues the ALJ erred when he 1) found medical improvement occurred regarding Mr. Rider's impairments, and 2) found that the medical improvement related to Mr. Rider's ability to work, Pltf.'s br. at 5.

The Commissioner argues that substantial evidence supports all the ALJ's determinations.

### A. Medical Improvement Related to Incontinence and Foot Deformities

Mr. Rider argues that there was no medical

improvement in his urinary incontinence, tr. at 9, and he still had continued limitations in both ankles, tr. at 10. Thus, according to Mr. Rider, he still meets listing 111.08(B)(1) at step two of the analysis and his disability continues.

Listing 111.08(B)(1) was met in Mr. Rider's case (in 1987) because he had 1) "less severe motor dysfunction (but more than slight)" and 2) "urinary or fecal incontinence when inappropriate for age[.]" 20 C.F.R. 404, Subpt. P, App. 1, Part B, 111.08(B)(1). The parties agree that Listing 111.08(B)(1) is the applicable listing at step two of the evaluation.

Medical improvement means any decrease in the medical severity of a claimant's impairments which were present at the time of the most recent favorable decision, ie. the most recent finding of disability. 20 C.F.R. § 416.994(b)(1)(i). "The key question is not whether the claimant still suffered from the same medical problem he had when benefits were awarded, but whether the severity of the problem had decreased sufficiently to enable him to engage in gainful

activity." Warre v. Commissioner of the Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006).

In Mr. Rider's case, it is undisputed that his diagnoses remain virtually unchanged from those in 1987. However, the question is whether those impairments have improved enough to allow him to engage in gainful activity. The ALJ found Mr. Rider no longer met Listing 111.08(B)(1) because although he still used incontinence pads, his urinary incontinence improved due to placement of an artificial sphincter.

The ALJ did not explain how any of Mr. Rider's other impairments, such as his spina bifida, fecal incontinence, or foot deformities, improved. His explanations of these impairments were discussed only under finding three, tr. at 14-16, when he found that those were Mr. Rider's current impairments. His discussion of medical improvement involved only Mr. Rider's urinary incontinence. Tr. at 17.

The Commissioner cites Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir. 2001), for the proposition that as

long as evidence supporting the ALJ's decision is discussed somewhere in the findings, there is no error. However, unlike Lewis which was a denial of benefits case, Mr. Rider's case deals with a comparison of prior limitations and the current state of those limitations. There is little evidence recited by the ALJ regarding the severity of Mr. Rider's impairments in 1987 versus at the time of the hearing. In other words, the ALJ simply listed the current state of Mr. Rider's congential foot problems without showing how they improved from 1987.

Because the ALJ discussed only improvement in Mr. Rider's urinary incontinence, this case should be remanded for reconsideration of medical improvement for all of Mr. Rider's impairments.

### B. Medical Improvement and Relation to Ability to Work

Here Mr. Rider argues that the ALJ gave no basis for his finding that the medical improvement related to Mr. Rider's ability to work. While the ALJ correctly recited relevant law, 20 C.F.R. §

416.994(B)(2)(iv)(A), this case is being remanded for additional findings regarding medical improvement. The ALJ should take those additional findings, whatever they may be, into consideration when determining the relationship between medical improvements, if any, and the ability to work.

## V. CONCLUSION

The ALJ failed to discuss how all Mr. Rider's impairments from 1987 medically improved. His decision discussed only urinary incontinence. This case should be remanded for further consideration of all Mr. Rider's impairments from 1987 and how those impairments improved or did not improve.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Rider's Motion for Summary Judgment (C.D. 11) should be **GRANTED**;
2. the Commissioner's Motion for Summary Judgment (C.D. 15) should be **DENIED**;
3. the case should be **REMANDED** to the ALJ for new findings consistent with this Order.

## VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 14th day of December, 2009.

Keith Strong
United States Magistrate Judge